STATE, Appellant, vs. McNITT, Respondent.
STATE, Appellant, vs. SCHAEFER, Respondent.

*September 17—November 9, 1943.*

For the appellant there were briefs by the *Attorney General, James J. Kerwin,* district attorney of Milwaukee county, and *Andrew W. Brunhart,* special assistant district attorney, and oral argument by *Mr. Brunhart* and *William A. Platz,* assistant attorney general.

For the respondents there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

FRITZ, J.   Defendants' motions to dismiss the appeals must be granted.   The right to appeal is purely statutory, and when not given by statute it does not exist, even in civil cases. *Puhr v. Chicago & N. W. R. Co.* 168 Wis. 101, 169 N. W. 305.   In the cases at bar there can be no appeal by the state from either the judgments of acquittal and discharge of the defendants, or from the subsequent orders which denied permission for the state to appeal from the judgments, unless

such permission is first granted in each instance by the trial court under the provisions in sec. 358.12, Stats., that—

"A writ of error may be taken by and on behalf of the state in criminal cases: . . .

"(8) From rulings and decisions adverse to the state upon all questions of law arising on the trial, *with the permission of the presiding judge,* in the same manner and to the same effect as if taken by the defendant."

In view of the words italicized above in quoting that provision, the permission of the presiding judge must be obtained before the state can take the appeals. As we said in *State v. Witte,* 243 Wis. 423, 431, 10 N. W. (2d) 117,—

"In the interest of the state and the accused the law properly provides that permission of the presiding judge shall be obtained before the state may sue out a writ of error."

In that connection we briefly outlined the procedure to be followed, and also stated the necessity and reasons for an immediate application by the state for such permission, as follows:

"Application for this permission should be made at the time the judgment of acquittal is rendered. The accused has a right to move for his dismissal. The presiding judge will determine whether he will grant permission to have the case reviewed, and if this permission is granted, the accused may be permitted to furnish bail, or be retained in custody until the appeal is determined. In this manner the jurisdiction of the court over the defendant is retained. It is unfair to the defendant to permit him to leave the courtroom assuming that his case is finally disposed of and then be informed some time later that his case is to be reviewed and that he is subject to the jurisdiction of the court even though he had previously been discharged."

If the procedure thus outlined is not promptly resorted to by the state, there may be applicable the rule that "if jeopardy

has attached and a dismissal is entered or a sentence imposed and the action thereby brought to determination the defendant cannot again be put in jeopardy by any action taken by the state." *State ex rel. Steffes v. Risjord,* 228 Wis. 535, 541, 280 N. W. 680.

However, because the decision finding defendants not guilty and the orders that each "be and hereby is discharged," which were signed by the judge at Marinette on May 7, 1943, were entered and the discharge of defendants was effected accordingly immediately upon the receipt of the decision and orders by the clerk of the court at Milwaukee, there was no sufficient interval and therefore no opportunity between the filing of the decision and the entry of the orders discharging the defendants for the state to apply to the presiding judge for permission to appeal from the judgments of acquittal. Thus, it was rendered impossible for the state to follow the procedure outlined in *State v. Witte, supra;* and as the state was thereby deprived of the opportunity to make a timely application for permission to appeal, it is evident that in order to avoid that consequence there should be a sufficient interval and opportunity for the state to make such an application prior to the entry of the final order discharging a defendant. Otherwise there will be defeated the obvious purpose intended to be achieved by the enactment of sub. (8) of sec. 358.12, Stats. It was evidently the legislative intention to recognize and establish thereby,—in so far as permissible without violating the inhibitions under sec. 8 of art. I, Wis. Const., in relation to second jeopardy,—a change in the public policy which theretofore prevailed in relation to the taking of appeals on behalf of the state in criminal actions. As the public policy of the state is to some extent the creation of the legislature, it is within its province to recognize, because of changes in the considerations of public policy, the occasion for changes therein, and to embody such changes in legislation enacted

from time to time (*In re Staff,* 63 Wis. 285, 294, 23 N. W. 587) ; providing no constitutional inhibition is violated thereby. And when such changes in public policy are embodied in legislation affecting the administration of justice such legislation should be construed and applied in accordance with the purposes and spirit indicated by such changes in public policy. To that end, in view of sec. 358.12 (8), Stats., there should be afforded the state, before the entry of the order discharging a defendant, the opportunity to apply for the required permission to take an appeal. And as the appeal, authorized under that statute is "from rulings and decisions adverse to the state upon all questions of law arising on the trial," it would seem that such questions of law should be such as are defined in sec. 358.08, Stats. (which authorizes a trial judge, under circumstances analogous in some respects, to report cases to this court and present questions of law arising on a trial which resulted in a conviction), as questions of law "which, in the opinion of the judge, shall be so important or so doubtful as to require the decision of the supreme court;" and that the presiding judge in determining, on an application under sec. 358.12 (8), Stats., for permission to appeal, whether the questions of law are so important or doubtful, should exercise sound impartial judicial discretion with due regard to safeguarding, in the interests of justice, the rights and interests of the state, as well as of the defendant. It certainly was not the legislative intent that the presiding judge can arbitrarily grant or, on the other hand, arbitrarily withhold the permission to appeal. In case of an abuse of that discretion it may become necessary to consider whether the error can be remedied upon invoking the exercise of the superintending control vested in this court. Although the district attorney indicated on the record that the state intended to obtain a review through *mandamus* or otherwise of the court's orders denying permission to appeal, no proceeding appears to

have been instituted for that purpose; and upon the incomplete record herein no such question is now presented.

*By the Court.*—Appeals dismissed.