[Civ. No. 21571. Second Dist., Div. Three. Apr. 19, 1956.]

HETTIE ALMA PULOS, an Incompetent Person, etc., Respondent, v. ALECK PULOS, Appellant.

914

Nessen & Becker for Appellant.

Francis Ray Brown for Respondent.

SHINN, P. J.—The trial court made an order requiring Aleck Pulos, defendant, to pay to R. R. Watson, guardian *ad litem* of Hettie Alma Pulos, an incompetent person, $100 per month pendente lite for support, $25 costs, and $350 as attorney's fees. Defendant appeals from this order.

An action for divorce was instituted on behalf of Hettie by her guardian *ad litem* seeking a division of community property, support, costs, and attorney's fees. In a second cause of action it was alleged that the parties had made a property settlement agreement, that Hettie had executed to defendant a deed to certain real property situated in South Pasadena and that the property settlement and deed were procured by defendant through the exercise of undue influence. The prayer also sought annulment of the agreement and deed. The answer denied the allegations that the parties were husband and wife and while admitting they had owned the real property as joint tenants and had entered into an agreement pursuant to which Hettie conveyed her interest to defendant, denied the allegations of the use of undue influence. The order from which the appeal is taken was made on the hearing of an order to show cause.

The grounds of appeal are that a guardian *ad litem* of an incompetent person may not maintain an action for divorce, that there was insufficient evidence of a marriage, and that the award under the circumstances was an abuse of discretion.

Plaintiff concedes that a guardian *ad litem* may not maintain an action for divorce on behalf of his ward. ■ It was so held in *Cohen* v. *Cohen,* 73 Cal.App.2d 330 [166 P.2d 622]. In that case the court adopted the view that a suit for divorce must be regarded as one which is so strictly personal that it cannot be maintained at the pleasure of a guardian or committee of an insane person. (P. 335.) It is a sufficient reason for taking the same view in the present case that there was no evidence that Hettie had requested the institution of an action for divorce or that she was competent to exercise sound

judgment either as to her desires or her best interests in that respect.

Plaintiff contends, however, that the action should be construed as one for separate maintenance, and that so considered it was a proper one for the making of an order such as the one in question. Defendant says there is but slight difference between an action for divorce and one for separate maintenance and that if a guardian *ad litem* may not institute and maintain the one he is without capacity to institute the other. We think there are marked differences and that they are self-evident. We can conceive of no reason why an incompetent wife may not, through a guardian *ad litem*, sue for separate maintenance. She has a right of action and the proper, if not the only way to pursue it is through a guardian *ad litem* or a general guardian. The facts alleged in the present complaint were sufficient to justify an award for support. It is well settled that relief may be granted in accordance with the facts alleged in a complaint and appropriate relief will not be denied even though it be at variance with the prayer of the complaint. (*Neblett* v. *Neblett,* 13 Cal. App.2d 304 [56 P.2d 969] ; *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84] ; *Greenwood* v. *Greenwood,* 112 Cal.App. 691 [297 P. 589].)

Two other grounds of appeal are urged : first, that there was insufficient proof of the existence of a marital relationship of the parties and, second, that defendant was ordered to pay excessive amounts.

In support of the first point it is urged that there was no evidence of a ceremonial or a common law marriage and that defendant testified that he and Hettie never engaged in a marriage ceremony. It is argued that in this state of the evidence the court was bound to accept as true that there had been no ceremonial marriage and find that the parties were not husband and wife; therefore, it is contended, the court was without authority to make an award for Hettie's support. We cannot agree with this contention.

 Defendant testified that he and Hettie had been living together as husband and wife since 1934. They had held themselves out as a married couple to their friends and relatives; they had executed a chattel mortgage as husband and wife and as such had taken title to real property. They lived in a single home and were supported by defendant's earnings. R. R. Watson, the guardian *ad litem,* a son of Hettie,

testified that in 1933 or 1934 Hettie and defendant went out of the state for the avowed purpose of getting married; they returned representing that they had become married and continuously thereafter lived and held themselves out publicly as husband and wife. One of the disputable presumptions is "That a man and woman deporting themselves as husband and wife have entered into a lawful contract of marriage." (Code Civ. Proc., § 1963.) Defendant understands that this presumption is to be given effect only in case there is no evidence to the contrary, and that where there is such evidence it must prevail over the presumption. This, of course, is contrary to the rule that prevails in California. ■ Our courts have long held that such a presumption is evidence, that it is to be weighed by the trier of fact with any evidence which tends to overcome it, and that the factual conclusion reached in the process of determining whether the presumption has been overcome will be respected and accepted by a reviewing court unless it is deemed unsupportable in reason. (*Scott* v. *Burke,* 39 Cal.2d 388, 398 [247 P.2d 313].) ■ A presumption, as evidence, is sufficient to sustain a verdict or judgment for the party in whose favor the presumption operates. (18 Cal. Jur.2d, Evidence, § 68.) ■ There was sufficient proof of the existence of a marital relationship.

There was evidence that defendant holds title to a new rental property of seven units with additional quarters in the rear in which he lives; he receives $475 per month rental from the apartments, $50 per month from another investment and about $275 per month from a business which he operates. He pays $203 per month on one indebtedness, $110 upon another and $50 per month upon a third, also taxes of $727 per year. Hettie is in a sanitarium under commitment by the court; her expenses amount to $100 per month, which has been paid by the county. It appears that under the agreement of the parties defendant undertook to pay Hettie $100 per month for her interest in the property until she had received $7,000. It is argued that he cannot keep up these payments and also comply with the court's order. He testified that he made two payments under the agreement and "then we broke the contract." In view of plaintiff's attempt to have the agreement annulled, it is reasonable to assume that she would not accept further payments from defendant if he offered to make them. If payments of $100 per month are resumed under the agreement a change of circumstances will have taken place which would justify the court in entertaining an application by

defendant for a modification of the allowance. The order was well within the discretion of the trial court.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied May 16, 1956, and appellant's petition for a hearing by the Supreme Court was denied June 6, 1956.