[Civ. No. 28106. Second Dist., Div. Two. Mar. 23, 1965.]

RALPH W. SCHUCK, as Conservator, etc., et al., Plaintiffs and Respondents, v. GLENN T. MYERS, Defendant and Appellant.

Jerrell Babb for Defendant and Appellant.

Holmes, Ross, Woodson, Millard & Ryburn and Norman S. Marshall for Plaintiffs and Respondents.

HERNDON, J.—The instant cause was initiated as an action for separate maintenance. It was brought by the conservators of Alice Myers against appellant Glenn T.

Myers, her husband.[1] Appellant filed his answer thereto together with his cross-complaint seeking a divorce. The cause came on for trial on June 19, 1963, at which time Alice Myers' motion seeking leave to appear in the proceeding as a party plaintiff was granted and the complaint was amended to include a prayer for divorce. On this point the following is set forth in the findings of fact and conclusions of law made by the trial court:

*"Pursuant to stipulation of the parties,* through their respective counsel, plaintiffs' complaint was amended to include *ALICE MYERS as a plaintiff* in said action, and to include the necessary allegations and prayer to state a cause of action for divorce and said allegations of divorce were deemed denied, . . .''

Following a trial in which Alice Myers, as well as numerous other witnesses, including appellant, testified relative to the issues tendered by the pleadings, a divorce was granted to Alice Myers and various orders were made which awarded her the custody of the minor children, made provision for her and their support, determined and divided the community property and provided for payment by appellant of certain existing community indebtedness resulting primarily from medical treatments theretofore rendered to respondent wife.

Appellant makes no specific assignment of error, but, under the general heading "Argument," sets forth several contentions in support of his conclusion that the judgment entered herein should be reversed. Initially, he argues that conservators have no power to bring an action for a divorce on behalf of a conservatee. We need not consider this question, however, for it is definitely settled that even a guardian ad litem for a presumably incompetent spouse may bring an action for separate maintenance. (*Pulos* v. *Pulos,* 140 Cal.App.2d 913, 915 [295 P.2d 907], hearing denied.)

Appellant next asserts that a conservatee is incompetent to bring an action for divorce. The only authorities cited for this proposition are decisions of cases from other jurisdictions involving insane or incompetent parties. (See cases collected in 70 A.L.R. 964.) In *Cohen* v. *Cohen,* 73 Cal.App.

[1]The proceedings had in connection with this conservatorship are not part of the record before us. We therefore presume that these proceedings were duly held and the conservators properly appointed and authorized to file the initial pleading herein. (Code Civ. Proc., § 1963, subds. 15, 17, 33; Code Civ. Proc., § 1962, subd. 6; Prob. Code, § 1853.)

2d 330, 334-337 [166 P.2d 622], it was held that a guardian ad litem could not be substituted in place of a wife who had filed a cross-complaint for separate maintenance without notice to her and, thereafter, without her consent be permitted, by means of amending her complaint, to obtain a divorce for her against her wishes.

Such considerations obviously have no application in the instant proceeding. ■ The mere fact that a conservator is appointed is not a determination that the conservatee is in any wise "insane or incompetent." (Cf. Prob. Code, § 1751; L. A. Bar Bulletin, Vol. 33, No. 1, p. 15.)

■ No allegation was made at any time during these proceedings that respondent Alice Myers had ever been determined to be incompetent or that, in fact, she ever was incompetent. No evidence was offered or introduced tending to establish any such condition, and, when she took the oath and testified herein, appellant raised no question whatsoever regarding her capacity so to do. From the record before us, it appears that it was entirely proper for the trial judge, who had ample opportunity to view and consider the appearance of the respective parties, to presume the competency of respondent Alice Myers; which, as indicated, was never challenged, and to allow her, in conformity with appellant's stipulation, to be substituted as a plaintiff and to grant her the divorce as prayed in her amended complaint.

Appellant contends that the evidence is insufficient as a matter of law to support the findings essential to support the judgment of divorce granted to respondent, Alice Myers, and that he should have been granted the divorce on his cross-complaint. Such contentions are patently unmeritorious. ■ As was recently stated in *Lipka* v. *Lipka,* 60 Cal. 2d 472, 475 [35 Cal.Rptr. 71, 386 P.2d 671]:

"(1) The infliction of grievous mental suffering as a ground for divorce is a question of fact, to be deduced from the circumstances of the case in light of the intelligence, refinement, and delicacy of sentiment of the complaining party. [Citations.]

■ "(2) The sufficiency of the corroborative testimony in a divorce action lies within the sound discretion of the trial court. [Citations.]

■ "(3) When a finding of fact is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination of whether there is any substantial evidence,

contradicted or uncontradicted, which will support the finding. [Citation.]''

 Respondent Alice Myers testified that appellant had beaten her quite severely, and that the most recent of such beatings had been inflicted by him just before he left the family residence in August of 1962. She also testified that for approximately a year prior to his leaving her, he frequently had stayed away from the family residence returning late and refusing to explain where he had been. On many occasions he would be "dishevelled" with powder and lipstick on his face and shirt. This testimony obviously is sufficient to support the finding that appellant's conduct constituted extreme cruelty toward his wife. It was amply corroborated by the testimony of other witnesses.

 While it is perhaps true that if appellant's version of the events leading up to his divorce had been accepted at face value by the trial court, he, too, would have been entitled to a divorce (*Nunes* v. *Nunes*, 62 Cal.2d 33, 37 [41 Cal.Rptr. 5, 396 P.2d 37]), the trial court is the sole judge of the credibility of witnesses and its finding that "Since their marriage, plaintiff, ALICE MYERS, has not treated [appellant] with extreme cruelty, nor has she wrongfully inflicted upon said [appellant] grievous bodily injury and grievous mental suffering" will not be disturbed on appeal.

 The initial complaint filed herein alleges that appellant "is further able to pay all necessary medical expenses incurred for hospitalization, psychiatric care and treatment of Alice Myers" and prayed that appellant "pay nursing, medical and hospitalization and group therapy bills." Proof was made, without objection by appellant, that at the time of the trial these expenses were of certain specified amounts. The trial court therefore made a finding that appellant "is further able to pay medical expenses which have been necessarily incurred for hospitalization, and psychiatric care and treatment of plaintiff, ALICE MYERS, which obligations are: [Specifying them.]" By the terms of the judgment, appellant was ordered to pay the balances due on these items of indebtedness.

Despite appellant's arguments to the contrary, such a determination was well within the jurisdiction of the trial court. A finding that certain indebtednesses were necessarily incurred by a wife for medical care and treatment and an order that the husband shall assume the payment of such indebtednesses does not constitute a taking of

property without due process of law in violation of the Fourteenth Amendment of the United States Constitution or article I, section 13, of the California Constitution as asserted by appellant. Since appellant points to no evidence whatsoever in the record that these charges were excessive or the services unnecessary, his conjectures on these subjects may not be considered on appeal.

 Finally, appellant correctly contends that the provisions of the interlocutory judgment are erroneous insofar as they purport to make a *present* disposition of the community property. However, such error may now be corrected upon this appeal. (*Brown* v. *Brown,* 177 Cal.App.2d 387, 389 [2 Cal.Rptr. 255].) Accordingly, the judgment is hereby modified as follows: (1) by striking the words ''henceforth'' where they twice appear in paragraph 6 of said judgment; and (2) by substituting therefor in each instance the words ''upon the entry of the final judgment of divorce herein''.

As hereby modified, the judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.