GALLAGHER, Respondent, v. SCHERNECKER, Appellant.

*No. 8. Submitted under sec. (Rule) 251.54 June 7, 1973.—*
*Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 437.)

For the appellant the cause was submitted on the briefs of *Charles P. Dykman* of Madison.

For the respondent the cause was submitted on the brief of *Vernon Molbreak* of Madison.

ROBERT W. HANSEN, J. This case involves a dispute as to what procedures are to be followed in arbitration proceedings, both at initial arbitration hearings and on a court-ordered remand for further hearings. Before these are taken up, consideration must be given to the right of this court to hear this appeal on this record.

*Jurisdiction.* Appellant's notice of appeal is directed to the court order of February 3, 1972, which refused to modify the previous order of the court vacating the arbitrators' award. An order that refuses modification or vacation of a previous order is not itself an appealable order.[1] When an order is not appealable, this court has no subject-matter jurisdiction to entertain an appeal, and an attempted appeal must be dismissed.[2] However, under sec. 274.11 (4), Stats., this court does have subject-matter jurisdiction over an appeal from the time an appealable order is entered, and any defect under sec. 274.11 (1), (2) or (3) (which includes notices of appeal) goes only to personal, not subject-matter, jurisdiction.[3] While the order of February 3, 1972, was not appealable, if the order of December 23, 1971, is appealable, the situation would be one of improper notice of appeal, a matter of

[1] *Hale v. Lee's Clothiers & Jewelers, Inc.* (1967), 37 Wis. 2d 269, 274, 155 N. W. 2d 51, stating: "An order refusing to modify or vacate a previous order is not an appealable order." *See also: Ver Hagen v. Gibbons* (1972), 55 Wis. 2d 21, 26, 197 N. W. 2d 752.

[2] *Teamsters Union Local 695 v. Waukesha County* (1973), 57 Wis. 2d 62, 203 N. W. 2d 707. *See also: Estate of Hillery* (1970), 46 Wis. 2d 689, 176 N. W. 2d 376.

[3] *Estate of Burns* (1964), 23 Wis. 2d 175, 179, 127 N. W. 2d 239, this court stating: "In the instant case, the respondent did not make an appropriate objection on the ground of jurisdiction of her person; although the appeal was taken from the wrong order, a final order has in fact been entered and, accordingly, we may consider the merits of this appeal."

personal jurisdiction to which the objecting party must make timely and appropriate objection.[4] In the case before us, no motion to dismiss on this ground was made and the issue is raised for the first time in respondent's brief. Objection to jurisdiction on the ground that the appeal was directed to the February 3, 1972, order rather than the December 23, 1971, order has been waived.[5]

*Appealability.* Was the first court order, the one made on December 23, 1971, appealable? This sends us to the applicable statute for the right to appeal is a statutory right.[6] Recently this court held that a court order that did no more than direct the parties to proceed with arbitration of a grievance, as provided in a collective-bargaining agreement between them, was not appealable because it was not a "judgment entered upon an award," nor did it "confirm, modify, correct or vacate an arbitration award."[7] The quotes from that opinion are

---

[4] *Baumgarten v. Jones* (1963), 21 Wis. 2d 467, 470, 124 N. W. 2d 609, this court stating: ". . . where an appealable order or judgment has been entered, but no proper notice of appeal therefrom has been served, a respondent who participates in this court in a review of the merits thereof without appropriate objection on the ground that jurisdiction over his person has not been obtained for such review has waived his objections." Citing *Asen v. Jos. Schlitz Brewing Co.* (1960), 11 Wis. 2d 594, 599, 106 N. W. 2d 269; *Town of Madison v. City of Madison* (1960), 12 Wis. 2d 100, 103, 106 N. W. 2d 264.

[5] *August Schmidt Co. v. Hardware Dealers Mut. Fire Ins. Co.* (1965), 26 Wis. 2d 517, 522, 133 N. W. 2d 352, this court stating: ". . . No motion was made to dismiss the appeal and the question is raised for the first time in the defendants' briefs. The defendants have waived the objection." *See also: Barnard v. Coates* (1965), 28 Wis. 2d 1, 135 N. W. 2d 809; *Estate of White* (1950), 256 Wis. 467, 41 N. W. 2d 776.

[6] *State v. Beals* (1971), 52 Wis. 2d 599, 605, 191 N. W. 2d 221, this court stating: "Appeal is strictly a statutory right." *See also: State v. McNitt* (1943), 244 Wis. 1, 4, 11 N. W. 2d 671.

[7] *Teamsters Union Local 695 v. Waukesha County, supra,* at page 67, this court stating: ". . . The items listed [Note: including an order vacating an arbitration award] are those that are made

from the statute dealing with appeals from orders or judgments in arbitration cases.[8] An order vacating an arbitration award is specifically made appealable. The order of December 23, 1971, was an order vacating an arbitration award. It also directed that an arbitration rehearing be held, but we do not see this additional provision as creating a two-part order to be divided and considered separately on the issue of appealability.[9] When an arbitration award is vacated, it is almost certainly required that some provision be made as to what is to follow the vacating of the award. Such corollary provision is part and parcel of the order vacating the arbitration award, not a separate and separable additional order. The December 23, 1971, order vacating the arbitration award is appealable.

One hurdle remains for appellant on the road to appealability—and it is insurmountable. The appeal can be considered as an appeal from the order vacating the arbitration award, with respondent having waived his right to object to it being so considered. But it was appellant who moved the trial court for an order vacating the award. He sought such order, and he secured it. As the moving party who prevailed, he is not an aggrieved party with the right to appeal the order

statutorily appealable. Under the general rule of statutory construction, *expressio unius est exclusio alterius,* it follows that the order compelling submission of the dispute to arbitration is not appealable."

[8] Sec. 298.15, Stats., providing as to appeals from orders of judgments in arbitration cases, that: "An appeal may be taken from an order confirming, modifying, correcting or *vacating* an award, or from a judgment entered upon an award, as from an order or judgment in an action." (Emphasis supplied.)

[9] As to separate and distinct parts of an order, one part appealable and another not, *see: Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 131 N. W. 2d 331. *See also: Travelers Ins. Co. v. Fidelity & Casualty Co.* (1964), 24 Wis. 2d 38, 128 N. W. 2d 71.

vacating the award.[10] However, since the respondent has cross-appealed from the order vacating the award, which is as to him appealable, the issues raised by the parties are before the court and will be resolved on their merits.

*New panel.* The main argument of appellant is that the trial court erred in not directing that the rehearing of the dispute be held before a new panel of different arbitrators. Whether a rehearing in a situation such as this is to be held before the same or new arbitrators is within the area of discretion given to the trial judge.[11] One text writer states the rule to be: "The question of whether the rehearing is held before the same or new arbitrators is left to the discretion of the court," [12] adding, "Ordinarily where the award is vacated because of honest mistakes on the part of the arbitrator, a rehearing before the same arbitrator will be directed by the court. . . ." [13] In fact, the applicable statute, governing rehearings in arbitration cases, refers only to "a rehearing by the arbitrators," [14] a reference in the case before us to the panel that held the first hearings. Without denying the right of a trial court to order a substitution of arbitrators where clearly required by the facts of the case, we find no abuse of discretion in the trial

[10] *Lawrence v. MacIntyre* (1970), 48 Wis. 2d 550, 180 N. W. 2d 538; *Will of Allis* (1959), 6 Wis. 2d 1, 94 N. W. 2d 226.

[11] Recognizing such area of judicial discretion, the Uniform Arbitration Act, sec. 12 (c) contains this provision: "In vacating the award on grounds . . . [of the arbitrators' refusal to hear material evidence] the court may order a rehearing before the arbitrators who made the award or their successors . . . ."

[12] Domke, *The Law and Practice of Commercial Arbitration* (1968), sec. 35.03, page 317.

[13] *Id.* at page 317.

[14] Sec. 298.10 (2), Stats., provides: "Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."

court having vacated the arbitration award, returning the dispute to the original arbitration panel for a rehearing.

*Taxing of costs.* In vacating the arbitration award, the trial court denied appellant's motion for the taxing of costs, electing to have the taxing of costs await the final disposition of the case. Appellant cites no statute providing for or referring to the taxing of costs in a situation such as this, and there appears to be nonesuch. This being so, the statutory omnibus costs provisions apply, providing: "If a situation arises in which the allowance of costs is not covered by sections 271.01 to 271.035, the allowance shall be in the discretion of the court." [15] The trial court's area of discretion thus established includes whether costs are to be allowed at all and, if so, to whom they are to be allowed. Included as well is the discretion to defer the decision on costs until a later stage of the proceedings, or until all matters in dispute are finally resolved or determined. The trial court order in the case before us was clearly within the area of the court's discretion.

*Vacating award.* By way of cross-appeal, the respondent contractor challenges the trial court order of December 23, 1971, vacating the arbitrators' award. In vacating the award the trial court found that the material appellant sought to present "appears to be pertinent and material," adding that "The statute contemplates that the arbitrators must, in order not to exceed their powers, hear the evidence of both sides of the controversy to the extent that the proof is material and pertinent." The statute referred to mandates the vacating of an arbitration award where the arbitrators refuse, as they did here "to hear evidence pertinent and material to the controversy." [16] As this court a long time ago held,

[15] Sec. 271.036, Stats.

[16] Sec. 298.10, Stats., provides: "(1) In either of the following cases the court in and for the county wherein the award was

". . . If the arbitrators refuse to hear evidence pertinent and material to the matter in controversy, it is unquestionably such misconduct as will vitiate an award. . . ." [17] Arbitrators have a good deal of discretion in cutting off repetitious or cumulative testimony, but they have gone beyond the limit of discretion when they refuse to hear evidence pertinent and material to the dispute. [18] Certainly they are not to hear all of the evidence offered by one of the parties, and none of the evidence, pertinent and material, offered by the other. [19] The trial court order vacating the award of the arbitrators was the appropriate judicial response on this record to this situation. It is affirmed.

*By the Court.*—Orders affirmed.

---

made *must* make an order vacating the award upon the application of any party to the arbitration.

". . .

"(c) Where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy. . . ." (Emphasis supplied.)

[17] *Canfield v. Watertown Fire Ins. Co.* (1882), 55 Wis. 419, 425, 426, 13 N. W. 252, quoting *Van Cortlandt v. Underhill* (1819), 17 Johnson's Reports, New York 405, 408.

[18] *See:* 6 C. J. S., *Arbitration and Award*, p. 204, sec. 64 c, stating: "Generally, the arbitrators have no authority to refuse to hear competent evidence offered on behalf of one of the parties."

[19] 5 Am. Jur. 2d, *Arbitration and Award*, p. 603, sec. 111, stating: ". . . Each party must be allowed an opportunity to present the claims he has in full and to present matters pertaining to the claim of his adversary and to the evidence adduced in support of the claim of his adversary. Unless a full hearing is had or waived the arbitrators are without power to make a valid award. . . ." *See also:* Domke, *The Law and Practice of Commercial Arbitration* (1968), p. 236, sec. 24.01, stating: "Arbitrators should not receive a preponderance of evidence from one party and exclude that of the other. . . ."