LIPELES (Louis), and others, Respondents, v. FLOOD and wife, and others, Appellants.  [Case No. 285.]

LIPELES (Isaiah), and others, Respondents, v. FLOOD and wife, and others, Appellants.  [Case No. 286.]

*Nos. 285, 286.  Argued June 2, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 722.)

---

[7] *Rice v. Ashland County* (1902), 114 Wis. 130, 134, 89 N. W. 908.

For the appellants there was a pro per brief by *John N. Flood* and *Catherine Flood,* both of Fountain Valley, California, and oral argument by *John N. Flood.*

For the respondents there was a brief by *Irving Lowe* and *Emanuel Rotter,* both of Milwaukee, and oral argument by *Mr. Rotter.*

HEFFERNAN, J.  John and Catherine Flood, the defendants in two real estate mortgage foreclosure actions, contend that they were denied due process at several stages of the trial court proceedings. We conclude that there was no denial of due process and affirm the judgments of foreclosure from which the defendants have appealed.

The actions were commenced against the Floods, then of Long Beach, California, in December, 1966. The

plaintiffs in one action were Isaiah Lipeles and his wife Celia and their son Louis Lipeles and his wife Lillian. All were residents of California. Isaiah and Celia Lipeles were the plaintiffs in the second action. In each action the plaintiffs demanded judgment of foreclosure and sale of the mortgaged premises in the town of Caledonia, Racine county, Wisconsin.

John and Catherine Flood answered the complaint and counterclaimed against Isaiah and Celia Lipeles, alleging that they made fraudulent representations to the Floods when they sold the property to the Floods.

A trial was held in circuit court for Racine county on September 14, 1970. On February 20, 1973, the trial judge filed a memorandum decision in which he concluded that the Floods' counterclaim should be dismissed because they offered no credible evidence to support their allegations. The trial judge also concluded that the plaintiffs were entitled to judgments of foreclosure and sale.

On April 19, 1973, findings of fact and conclusions of law and judgments of foreclosure were entered in each action. John and Catherine Flood appealed from those judgments.

The plaintiffs contend that the appeal should be dismissed on the ground that this court does not have personal jurisdiction, because, in their first notice, the Floods attempted to appeal from a nonappealable decision. The plaintiffs admit that this court has subject matter jurisdiction, because appealable judgments were subsequently entered. Sec. 274.11 (4), Stats.

The Floods timely perfected two notices of appeal. The first notice, dated March 12, 1973, gave notice that the Floods were appealing from the February 20, 1973, decision. This notice is defective, because it was taken, not from an order or judgment, but from the trial court's decision, which is not appealable. *Walford v. Bartsch* (1974), 65 Wis. 2d 254, 257, 222 N. W. 2d 633.

The second notice of appeal, dated May 2, 1973, referred to the judgments entered on April 19, 1973. The

plaintiffs have argued that the notice does not sufficiently identify the judgments to constitute a valid notice of appeal. We find, however, that the second notice satisfies the test for the sufficiency of the notice of appeal as stated in *Kitchenmaster v. Mutual Automobile Ins. Co.* (1946), 248 Wis. 335, 340, 21 N. W. 2d 727. The second notice of appeal, by referring to the judgments, sufficiently identified the judgments to constitute a notice of appeal from them. The plaintiffs' motion to dismiss the appeal is denied.

The Floods argue that, at several stages in the trial court proceedings, they were denied due process as guaranteed by the fourteenth amendment to the United States Constitution.

Discussing the concept of due process, this court said in *Mid-Plains Telephone v. Public Service Comm.* (1973), 56 Wis. 2d 780, 785, 202 N. W. 2d 907:

"Generally, the fundamental or essential requirement of procedural due process of law is notice and hearing . . . ."

In *State ex rel. Lyons v. De Valk* (1970), 47 Wis. 2d 200, 205, 177 N. W. 2d 106, the court said:

"Fair play is an important factor in the consideration of due process of law. Truly, the concern of due process is fundamental fairness."

The Floods first contend that they were denied due process because the answers and notices of retainer of other defendants were not served on them. In its answer, the town of Caledonia asserted a claim for $6,600 for unpaid monthly parking permit fees against the mortgaged property. The town's answer was not served on the Floods.

In March, 1971, six months after the trial in the foreclosure actions, the Floods asked the court for leave to file a belated cross complaint against the town of Caledonia to challenge the town's claim. The Floods advised

the court that they had only recently become aware of the town's claim. The trial court, nevertheless, dismissed the motion for leave to file the cross complaints.

The Floods argue that, because they were not served the town's answer and not given notice of the town's claim, they were precluded from timely filing a cross complaint challenging the legality and constitutionality of the claim and thereby denied due process. They also contend that they were denied due process because the trial court granted judgment on the town's claim without giving the Floods an opportunity to contest it.

The Floods were not denied due process. They were given notice of the town's claim, because it was listed in the plaintiffs' complaints, when the plaintiffs named as defendants persons other than the Floods who had or claimed to have interests in the mortgaged property.

The Floods were not denied due process by the judgment because the trial court did not grant judgment for the town's claim. In the judgment, the town's claim was given priority over the mortgagee's interest "unless it is subsequently determined that said parking permit fees were illegal or improperly assessed and determined." Thus, the trial court left for another day the decision of the legality of the fees upon which the town's claim was based. The judgment dealt only with the priority of the claims, not the merits of the town's claim against the property.

The Floods contend that they were denied due process because they were not given notice of a pretrial conference held on August 27, 1970. The Floods did not attend and were not represented at the conference. We conclude that there was no denial of due process under the facts of this case, because no action was taken at the conference that was detrimental to the Floods. According to the judge's record of the conference, all that was accomplished was the setting of the date and time of the trial.

The Floods also contend that they were denied due process because the trial court held the trial from 4 p.m. to 8 p.m. on September 14, 1970, after the pretrial report had scheduled the trial for the morning of September 14, 1970, beginning at 10:30 a.m. In the pretrial report, the trial court stated that anything not completed in that time would be rescheduled for December. The Floods claim that they were taken by surprise when the trial judge, contrary to his August pretrial report, decided to complete the trial, including the defendants' case, on September 14th. There is no merit to this contention, for the completion of the case, according to the judge's notes, was for the convenience of the Floods—to obviate the necessity of another journey—and the record shows that the Floods acquiesced in the completion of the trial on that date. Any possbile objection was specifically waived.

The Floods contend that they were denied due process because the trial court was prejudiced against them at the trial on September 14, 1970, and prior thereto. Only 19 pages of the trial transcript have been included in the appeal record, and on such a record this court cannot find that the Floods were denied due process because of the conduct of the trial court. Moreover, the memorandum decision evidences scrupulous regard for the defendants' rights.

Isaiah Lipeles died on June 5, 1970, prior to trial. Also, prior to trial, conservators of the person and estate of Celia Lipeles were appointed in California. The Floods argue that, because of the death of Isaiah Lipeles and the appointment of a conservator for Celia Lipeles, the trial court lacked personal jurisdiction over the estates of those two persons and, because of that, the Floods were denied due process.

We disagree. The appointment of conservators for Celia Lipeles was not evidence of her competency or incompetency in Wisconsin or California. Sec. 880.31

(6), Stats. 1973, and *Schuck v. Myers* (1965), 233 Cal. App. 2d 151, 154, 43 Cal. Rptr. 215. The actions continued unabated after the death of Isaiah Lipeles because other plaintiffs remained in each action. Sec. 269.17.

When Louis Lipeles informed the court on September 14, 1970, of his father's death, he did not mention that he had been appointed executor of the estate. Louis Lipeles also never told the court that conservators had been appointed for his mother and that he had been appointed conservator of her person. John Flood informed the court of these matters after the trial. The Floods argue that they were denied due process because Louis Lipeles concealed these facts from the trial court. Louis' failure to inform the court was immaterial, since the actions continued unabated.

*By the Court.*—Judgments affirmed.