STATE, Plaintiff-Respondent, v. RHONE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 79–775–CR. Submitted on briefs December 5, 1979.—*
*Decided March 4, 1980.*
(Also reported in 288 N.W.2d 862.)

For the appellant-petitioner: *James J. Ewers* and *Eisenberg, Giesen, Ewers & Hayes, S.C.,* of Madison.

For the respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

PER CURIAM. Ellory L. Rhone, the defendant, sought leave of the court of appeals to appeal a pretrial order of

the circuit court denying his motion to dismiss the criminal charges on double jeopardy grounds. The court of appeals denied the petition for leave to appeal, and this court granted the defendant's petition to review the decision of the court of appeals.

The State argues that we should dismiss the defendant's petition to review as having been improvidently granted, because the petition was not timely served on the attorney general. It is the State's position that defendant's failure to serve the attorney general renders the petition to review jurisdictionally defective.

We have held that if the petition to review is not *filed* with this court within thirty days of the date of the decision of the court of appeals, this court is deprived of subject matter jurisdiction. *First Wisconsin Nat'l Bank of Madison v. Nicholaou,* 87 Wis.2d 360, 362, 364, 274 N.W.2d 704 (1979). We have not previously determined whether failure to serve the petition to review prior to filing the petition in this court renders the filing void. If the filing is rendered void by the failure to serve, the petition to review in the case at bar must be dismissed.

Neither the statutes nor the Rules of Appellate Procedure specifically state whether failure to serve the petition to review renders the filing of the petition void.

The decision of the court of appeals in the instant case is dated July 9, 1979. On August 7, 1979, within thirty days from the date of the decision, the defendant filed the petition to review with the supreme court and served the district attorney. The defendant did not serve a copy of the petition on the attorney general, the attorney who should have been served (sec. 165.25, Stats.) until August 21, 1979, well after the thirty-day limit prescribed by sec. 808.10. Sec. 808.10 requires the petition to review to be filed within thirty days of the date of the decision of the court of appeals; it is silent as to service of the petition.

"808.10 **Review by the supreme court.** A decision of the court of appeals is reviewable by the supreme court only upon a petition to appeal granted by the supreme court. The petition to appeal shall be filed in the supreme court within 30 days of the date of the decision of the court of appeals." [1]

There is no provision in the statutes [2] or in the Rules of Appellate Procedure expressly requiring the party filing a petition for review to serve a copy of the petition on the opposing party. Service is apparently assumed. The opposing party must have notice of the petition if the opposing party is to have the opportunity,

---

[1] *See also* Rule 809.62(1), Stats., which provides:

"809.62 **Rule (Petition to appeal).** (1) A party may file with the supreme court a petition to review an adverse decision by the court of appeals pursuant to s. 808.10 within 30 days of the date of the decision of the court of appeals. The petition must include a statement of reasons for review of the decision."

[2] Compare sec. 274.11(1), Stats. 1973, which required that notice of appeal be served on the adverse party and filed with the clerk of court. If the adverse party properly objected to the time or manner of service, the appeal was dismissed. Sec. 807.07 (1), Stats., was viewed as not permitting the court to cure the defect in the service because the defect was not in the appeal papers but was outside the papers. *See State v. Van Duyse*, 66 Wis.2d 286, 224 N.W.2d 603 (1975); *Barneveld State Bank v. Petersen*, 68 Wis.2d 26, 31–34, 227 N.W.2d 690 (1975).

"807.07 **Irregularities and lack of jurisdiction waived on appeal; jurisdiction exercised; transfer to proper court.** (1) When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless the respondent moves to dismiss such appeal before taking or participating in any other proceedings in said appellate court. If it appears upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

as provided by the Rules of Appellate Procedure, to file a response to the petition to review.[3]

The service requirement can be derived from Rule 809.80(2), Stats., which refers to service of any paper authorized under the rules to be filed in an appellate court.

"809.80 Rule (Filing and service of papers). . . . (2) A person shall serve and file a copy of any paper required or authorized under these rules to be filed in a trial or appellate court as provided in Rules 801.14(1), (2) and (4)."

Obviously the petition to review is a paper filed in an appellate court and falls within Rule 809.80(2), Stats., which requires service of the paper to be made pursuant to Rules 801.14(1), (2) and (4).

Rule 801.14(1) and (2), Stats., of the Rules of Civil Procedure, to which Rule 809.80(2) refers, provides for service of papers upon the party or the party's attorney.[4]

---

[3] Rule 809.62(2), Stats., provides:

"(2) An opposing party may file a response to the petition within 10 days of the service of the petition."

[4] Rule 801.14(1) and (2), Stats., provide:

"801.14 Service and filing of pleadings and other papers. (1) Every order required by its terms to be served, every pleading unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, undertaking, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in s. 801.11.

"(2) Whenever under these statutes, service of pleadings and other papers is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party in person is ordered by the court. Service upon the attorney or upon a party shall be

Rule 801.14(4), provides that the filing of a paper with the court constitutes a certification that a copy of the paper was timely served on all parties required to be served.

"801.14 **Service and filing of pleadings and other papers.** . . . (4) . . . The filing of any paper required to be served constitutes a certification by the party or attorney effecting the filing that a copy of such paper has been timely served on all parties required to be served, except as the person effecting the filing may otherwise stipulate in writing."

The Judicial Council Committee's Note, 1974, to Rule 801.14(4), Stats., explains that this provision is designed to do away with unnecessary affidavits of service of papers. The Judicial Council Committee's Note, 1978, to Rule 809.80(2), similarly states that the filing of a paper in court is a certification that the paper has been served on the proper persons: "The prior requirement of an affidavit of service is eliminated. The provision of the Rules of Civil Procedure that the filing of a paper is a certification that the paper has been served is adopted." We note that some attorneys affix on the face of the document filed with this court a stamped declaration stating: "I certify that on ———, I served the within paper on other counsel of record by mail pursuant to sec.

made by delivering a copy or by mailing it to the last known address, or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this section means: handing it to the attorney or to the party; or leaving it at his or her office with a clerk or other person in change thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his or her dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing. The first sentence of this subsection shall not apply to service of a summons or of any process of court or of any paper to bring a party into contempt of court."

801.14, Stats. __(Signed)__." This certification is not required by law but is apparently being used by counsel as a reminder to counsel to serve the proper persons.

Obviously, the Rules of Appellate Procedure presuppose that the petition to review will be served before it is filed. Because under the Rules the filing of the petition in court is a certification of service and because the petition is required by statute to be filed within thirty days of the date of the decision, it follows that service of the petition must be made within thirty days of the date of the decision.

However, upon review of the statutes and the Rules of Appellate Procedure, we conclude that service of a petition to review within thirty days of the date of the decision is not required by the statutes or by the rules to confer jurisdiction on this court over the appeal. This court obtains jurisdiction over the appeal when a petition to review is filed. Service of the petition on the party does not affect the jurisdiction of this court over the subject matter of the appeal.

Because service of the petition is a requirement derived from the rules and not the statutes, Rule 809.83 (2), Stats., applies. Rule 809.83(2) provides that a person's failure to comply with a requirement of the rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal.

"809.83 **Rule (Penalties for delay or noncompliance with rules).** (1) . . .

"(2) NONCOMPLIANCE WITH RULES. Failure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a

penalty or costs on a party or counsel, or other action as the court considers appropriate."[5]

Also, under Rule 809.82(2), Stats., this court on its own motion may permit service of the petition to be made after the timely filing of the petition.

"809.82 **Rule (Computation and enlargement of time).**

". . .

"(2) ENLARGEMENT OR REDUCTION OF TIME. The court upon its own motion or upon good cause shown by motion, may enlarge or reduce the time prescribed by these rules or court order for doing any act, or waive or permit an act to be done after the expiration of the prescribed time, except the filing of a notice of appeal or cross-appeal of a final judgment or order in a civil appeal."

■

Although we conclude that the court has jurisdiction over the appeal if the petition to review is timely filed even if not timely served, the party opposing a petition to review may move to dismiss the petition or may move for other relief under Rule 809.83(2) on the ground of improper or untimely service.

The State urges us to dismiss the petition pursuant to our authority under Rule 809.83(2).

■

We have decided not to dismiss the petition because the issue presented by the petition, *i.e.*, the appealability of a pretrial order denying a motion to dismiss on double jeopardy grounds, was presented and briefed by the attorney general in other cases recently decided by this court. For the reasons set forth in *State v. Jenich*, 94 Wis.2d 74, 292 N.W.2d 348 (1980) (opinion filed February 7, 1980), we hold that the court of appeals erred in

---

[5] *See* Martineau and Malmgren, *Wisconsin Appellate Practice*, sec. 601, p. 38 (1978).

refusing to hear the appeal in the instant case. Because in the instant case, unlike in the *Jenich* case, we have no record of the trial court proceedings and no briefs arguing the merits of the double jeopardy issue, we cannot determine the merits of the defendant's double jeopardy claim. Accordingly, we remand the matter to the court of appeals with directions to issue such orders as are necessary to obtain the record from the circuit court and to expedite review of the order in issue in the case at bar.