Joseph E. RHYNER, Plaintiff-Appellant,

v.

SAUK COUNTY, Wisconsin, the Village of Lake Delton, Wisconsin and Jeffrey Woodruff, Defendants-Respondents.

Court of Appeals

*No. 83–1777. Submitted on motion December 14, 1983.—*
*Decided January 18, 1984.*
(Also reported in 348 N.W.2d 588.)

For the defendant-respondent, Sauk County, the cause was submitted on the motion of *Jerome P. Mercer* and *Cross, Mercer and Maffei* of Baraboo.

For the plaintiff-appellant a response was submitted by *Mark A. Maasch* and *Van Metre, Hanson, Clarke, Schnitzler & Meyer* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

PER CURIAM. The trial court entered judgments dismissing the complaint against Sauk County and other defendants. Plaintiff has appealed. Sauk County moves to dismiss the appeal on grounds that the notice of appeal does not sufficiently describe what is appealed and Sauk County was not timely served with the notice of appeal. Because we conclude that Sauk County was not timely served with the notice of appeal and did not waive its rights by participating in the appeal, we dismiss the appeal as to Sauk County.

August 10, 1983, the trial court entered an order for judgment and a judgment dismissing the complaint against Sauk County. August 11, 1983, the court entered an order for judgment and judgment dismissing the complaint against Village of Lake Delton and Jeffrey Woodruff. September 12, 1983, plaintiff filed his notice of

appeal, but did not serve Sauk County or its attorney until December 5, 1983.

Sauk County contends that the notice of appeal is not sufficient to establish an appeal in regard to itself because it refers to a singular "order" for judgment and "judgment," and because it refers to an order for judgment and judgment entered August 11, 1983. The order for judgment and judgment dismissing the complaint against Sauk County were entered August 10, 1983. The county also complains that the notice is not addressed to its attorney, Jerome P. Mercer. We reject these contentions.

Reference to a judgment in a notice of appeal is sufficient to give notice of the appeal. *Lipeles v. Flood,* 69 Wis. 2d 413, 416, 230 N.W.2d 722, 724 (1975). There is no requirement that the date of entry of the judgment be set forth in the notice of appeal. "All that is necessary is that the judgment or order be sufficiently identified that there can be no doubt what is appealed from." *State v. Avery,* 80 Wis. 2d 305, 309, 259 N.W.2d 63, 64–65 (1977) ; *State v. Ascencio,* 92 Wis. 2d 822, 825, 285 N.W. 2d 910, 912 (Ct. App. 1979).

The notice of appeal stated that the plaintiff appealed from the order for judgment and judgment dismissing his complaint against Sauk County and others. Thus, there could be no doubt what was appealed from, even though the notice of appeal incorrectly referred to the wrong date of entry of judgment against Sauk County. We deem it immaterial that the notice of appeal referred only to one order for judgment and judgment was not specifically addressed to Sauk County's attorney. The notice of appeal sufficiently described what was appealed from.

Sauk County moves to dismiss on the ground that it had no notice that an appeal was pending against it until after the appellant's brief and appendix were served on November 25, 1983. Attorney Mercer states that he wrote a letter to plaintiff's attorney on that date inquiring whether the appeal also applied to Sauk County. December 5, 1983, Attorney Mercer received a letter from plaintiff's attorney containing a copy of the notice of appeal and apologizing for the late service. December 7, 1983, Sauk County filed its motion to dismiss in this court.

█

Plaintiff argues there is no requirement in the Rules of Appellate Procedure to serve opposing counsel with the notice of appeal. There is no express service requirement in Rule 809.10. Rule 809.80(2), however, requires service as provided in secs. 801.14(1), (2) and (4), Stats., of any paper required to be filed under the Rules in a trial or appellate court. *State v. Rhone,* 94 Wis. 2d 682, 685, 288 N.W.2d 862, 864 (1980). A notice of appeal is a paper required to be filed under the Rules. Sections 801.14(1) and (2) require service of all papers on opposing counsel. Section 801.14(4) provides that filing constitutes certification that the paper filed has been served on all parties required to be served. The Rules therefore require service upon all opposing parties before filing. *Rhone, supra,* 94 Wis. 2d at 687, 288 N.W.2d at 864–65.

█

Rule 809.10(1)(b) provides that the filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal. The *Rhone* court held, however, that service of a petition for review on the opposing parties is not necessary to confer jurisdiction on the Wisconsin Supreme Court under Rule 809.61. *Rhone, supra,* 94 Wis. 2d at 687, 288 N.W.2d at 864–65. By

analogy, we conclude that service of the notice of appeal on opposing parties is not necessary to confer jurisdiction on this court.

Plaintiff contends that Attorney Mercer had notice of the appeal on September 22, 1983, when the clerk of the trial court issued notice that the record was assembled and ready for inspection. The appeal record does not show that Attorney Mercer received notice at that time. Moreover, because Attorney Mercer's name was not on the notice of appeal, he did not receive notices from this court that an appeal was pending or that the record had been filed. It is undisputed that he was not served with the notice of appeal until December 5, 1983, which was after he was served with the appellant's brief and after he inquired whether the plaintiff intended the appeal to apply to Sauk County.

Although a party may move to dismiss an appeal under Rule 809.83(2) for late service of the notice of appeal, this court may extend the time for service of the notice of appeal under Rule 809.82(2). *Rhone, supra,* 94 Wis. 2d at 687–88, 288 N.W.2d at 865. We are without guidance under the new Rules of Appellate Procedure when considering a motion to dismiss for late service of the notice of appeal. Martineau and Malmgren in *Wisconsin Appellate Practice,* sec. 601, recommend that the cases arising under the old law on waiver by participation in the appeal be followed. *Id.* at pp. 37–39. Under those cases, the signing of a stipulation or the filing of a brief on the merits during the pendency of an appeal constituted a waiver of defects on appeal. *Gallagher v. Schernecker,* 60 Wis. 2d 143, 146–47, 208 N.W.2d 437, 439 (1973) ; *Sauer Hide Co. v. Stein,* 174 Wis. 185, 195, 182 N.W. 847, 851 (1921). Retaining an appellant's brief prior to filing a motion to dismiss was not considered waiver. *State v. Van Duyse,* 66 Wis. 2d 286, 292–94, 224

N.W.2d 603, 606–08 (1975). *See also First Wisconsin National Bank v. Nicholaou*, 87 Wis. 2d 360, 362–64, 274 N.W.2d 704, 705–06 (1979). We conclude those cases are applicable to determine whether the appeal should be dismissed as to Sauk County.

We conclude there was no waiver by participation in the appeal by Sauk County. Sauk County promptly moved to dismiss upon learning that the appeal was intended to apply to it and did not participate in the appeal.

We conclude that the motion to dismiss the appeal as to Sauk County should be granted. The appeal continues as to Village of Lake Delton and Jeffrey Woodruff.

*By the Court.*—Appeal dismissed as to Sauk County.