ESTATE OF COGAN: MALONEY, Appellant, vs. VARGO, Administratrix, Respondent.

*April 8—May 4, 1954.*

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *John F. O'Melia.*

For the respondent there was a brief and oral argument by *Forest W. Rodd* of Rhinelander.

BROADFOOT, J.    Numerous objections were made to testimony offered.  Some of the testimony was received subject to the objection, some was rejected at the time it was offered, and other rulings as to the testimony offered were made by the trial court in its memorandum decision.

The errors claimed upon this appeal are based upon the alleged improper reception and the improper exclusion of evidence.  This controversy was heard by the court without a jury.  It has been held many times that the admission of incompetent evidence in a trial to the court is not a ground for reversal if there is sufficient competent evidence in the record to sustain the court's finding.  For a collection of said cases see 2 West's Wis. Dig., Appeal and Error, p. 805, Key No. 1054.

Much of the testimony offered was as to declarations by Maude Cook and Ray Cogan as to the parentage of the petitioner.  An exception to the hearsay rule permits proof of matters of family history, relationship, and pedigree.  There are some restrictions to the rule but ordinarily a declaration is admissible if made by a member of the family who is unavailable as a witness because of death or other reason.

To be admissible, such declaration should also have been made at a time when the declarant had no motive to distort the truth and not in anticipation of litigation depending upon the family relationship. The parties to the controversy and members of their respective families were competent to testify not only to declarations but to pedigree, based upon family tradition, history, and common reputation in the family. Declarations of deceased parents made to third persons are thus admissible.

The court rejected some testimony offered that was competent under this exception to the hearsay rule. One instance thereof was the testimony of one Lottie Radzinski, a witness for the objectors. The testimony of Lottie Radzinski appears in the record, but after the trial it was ordered stricken by the court. The transcript of the divorce proceedings between Ray Cogan and petitioner's mother was offered and rejected. The portions thereof consisting of declarations by either of the parties as to the paternity of the petitioner were admissible under the exception to the hearsay rule. The weight to be given to them was for the trier of the facts. They were not conclusive because given under oath in court. As stated in *Shuman v. Shuman*, 83 Wis. 250, 256, 53 N. W. 455, "These are nothing more than sworn statements of the husband, and their character is not changed by the fact that they were made in the course of a judicial proceeding which resulted in the divorce judgment." However, in its memorandum decision the court indicated that it had considered the proceedings in the divorce action together with the testimony of the witness Radzinski. The court stated therein that the testimony of Mrs. Radzinski was entitled to little or no weight, presumably because of impeaching testimony offered and received during the trial. In these two instances the testimony was merely corroborative of other testimony offered by the objectors.

Also excluded was an offer of proof of the marriage of the petitioner's mother to Frank Nowlyn, and their subsequent divorce in September, 1923. There was other evidence offered without objection that established this marriage. The record of the divorce could only be material if the marriage of Ray Cogan and Maude Cook was in issue, and it was not.

Other testimony offered by the objectors which was excluded was clearly incompetent. The court did give consideration to all of the competent evidence offered. Any rejection of evidence offered on the part of the objectors did not affect their substantial rights nor is any prejudice shown thereby.

Two statutes are material in this case. They are:

"237.06   *Heirship of illegitimates; issue of null marriage.* Every illegitimate child shall be considered as heir of the person who shall, in writing signed in the presence of a competent witness, have acknowledged himself to be the father of such child or who shall be adjudged to be such father under the provisions of chapter 166, or who shall admit in open court that he is such father, and shall in all cases be considered as heir of his mother, and shall inherit his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he shall not be allowed to claim, as representing his father or mother any part of the estate of his or her kindred, either lineal or collateral, unless before his death he shall have been legitimated by the marriage of his parents in the manner prescribed by law."

"245.36   *Legitimation of children.* In any and every case where the father and mother of an illegitimate child or children shall lawfully intermarry, except where the parental rights of the mother were terminated prior thereto, such child or children shall thereby become legitimated and enjoy all the rights and privileges of legitimacy as if they had been born during the wedlock of their parents; and this section shall be taken to apply to all cases prior to its date, as well

as those subsequent thereto; provided, that no estate already vested shall be divested by section 237.06 and sections 245.12 to 245.38. The issue of all marriages declared null in law shall, nevertheless, be legitimate."

The trial court made its decision on the basis of sec. 237.06, Stats. The record contains three separate writings by Ray Cogan wherein he acknowledged himself to be the father of petitioner, and therefore his heir. It did not rule upon the applicability of sec. 245.36, as it expressed doubt as to the result of the intervening marriage of Maude Cook to Frank Nowlyn. The objectors complain that this was error. They contend that the petitioner could not be illegitimate under the first section of the statute referred to when the marriage of Ray Cogan and Maude Cook legitimized the petitioner. Therefore, they contend, the evidence upon which the court relied was incompetent and irrelevant, being applicable only when no marriage has occurred. They also contend that the record in the divorce case in 1936 conclusively establishes that petitioner was the child of a prior marriage of her mother and therefore was not a child of decedent. They contend that that finding could not be collaterally attacked.

We cannot agree with this contention. The judgment in the divorce action was conclusive only as to the status of the parties. It is conclusive that they were married and that they ceased to be husband and wife on the date of the judgment. The petitioner was not a party to the action, nor was she represented in any way. The question of her parentage was not an issue in the case and it was not tried and determined. Had that question been in issue, due process would have required a judicial inquiry as to the existence of that fact with the right of the petitioner to be given notice, to be heard, to adduce proof, and to have a direct judgment thereon by the court. The petitioner was not born of the

marriage, so her rights were not adjudicated and she cannot be bound upon an issue not actually tried and determined. The trial court rightly considered that the main question to be determined was whether or not Ray Cogan was the natural father of the petitioner. The determination of that question was necessary under either of the statutes. In *Estate of Dexheimer,* 197 Wis. 145, 221 N. W. 737, it was held that sec. 237.06, Stats., is aimed at the natural father and not at one who assumes the relationship of father to an illegitimate child. Sec. 245.36 applies only where the father and mother of an illegitimate child intermarry.

The written acknowledgments of Ray Cogan before competent witnesses established heirship on the part of the petitioner. They were also competent evidence to establish that Ray Cogan was the natural father of the petitioner under sec. 245.36, Stats. The intervening marriage of Maude Cook and Frank Nowlyn could have no effect so far as either section of the statutes is concerned. The petitioner was born before the Nowlyn marriage. The statement by the parties in the divorce case by Ray Cogan and his wife that petitioner was the issue of a former marriage of Maude Cook could not be true because the petitioner was born out of wedlock. Declarations made by Ray Cogan subsequent to his divorce, both in writing and orally, discredit any declarations that he made in the divorce case. The record establishes that Ray Cogan was the natural father of the petitioner and, therefore, his subsequent marriage to petitioner's mother legitimated the petitioner and she is entitled to administration of the estate. She is the daughter and only heir of decedent.

*By the Court.*—Order affirmed.