RIEMER, Plaintiff-Respondent, v. RIEMER, Defendant-Appellant.

Court of Appeals, District III

*No. 77–623. Submitted on briefs July 25, 1978.—*
*Decided September 18, 1978.*
(Also reported in 270 N.W.2d 93.)

For the appellant the cause was submitted on the brief of *Daniel D. Sobel* of Milwaukee.

For the respondent the cause was submitted on the briefs of *Krueger, Thums, Tlusty & Hittner, S.C.* of Schofield.

BEFORE DEAN, P. J., DONLIN, and FOLEY, JJ.

DONLIN, J.   This appeal by Doris J. Riemer, defendant in a divorce action, is from the entire judgment as

entered by the county court of Taylor county subsequent
to a trial on August 23, 1977. The record supports all
findings and conclusions of the trial court with the ex-
ception of those relating to custody of the minor child
of the parties and paternity of a child born to the defend-
ant on June 19, 1977 during the pendency of the action.
We reverse that part of the judgment awarding custody
and finding paternity of the child born to the defendant
on June 19, 1977.

The appellant contends that she was denied due process
by the trial court when the trial court allowed her only
"five minutes" to present her evidence. Due process is
a requirement of notice and hearing, that is, the oppor-
tunity to be heard before a deciding tribunal. It is a
concept of fundamental fairness.[1] However, a defendant
is not denied due process when the defendant has had
timely notice and yet fails to make a timely appearance
and presentation of evidence. It does not require one
who, without justifiable excuse, does not proceed ac-
cording to the rules to have a further hearing.[2]

Here the defendant was notified of the trial to be
held by service upon her of an order for appearance.
She came to the trial and, after the plaintiff had pre-
sented his evidence, asked the trial court for a period of
time to present hers. She requested to be allowed to
proceed promptly because she had to catch a bus. The
trial court, going into the noon hour, then allowed her
to make her presentation. Her limited presentation was
made, however, at her insistence and request so she could

[1] *Mid-Plaines Telephone, Inc. v. Public Service Commission,* 56
Wis.2d 780, 202 N.W.2d 907 (1973); *Lipeles v. Flood,* 69 Wis.2d
413, 230 N.W.2d 722 (1975).

[2] *Bodie v. Connecticut,* 401 U.S. 301, 780 (1971).

catch a bus back to Milwaukee. Such restriction, at her insistence and request, does not amount to denial of procedural due process.

As to the child of the parties, William F. Riemer, Jr., born November 23, 1974, the court determined that his custody should be placed with the father. This determination was based upon the report of the Taylor County Department of Social Services, recommending such placement in the father, and made despite the recommendation of the Milwaukee County Department of Family Conciliation, the guardian *ad litem* of the minor children, and the family court commissioner that the mother was the proper parent to have custody.

The court did not make any finding with respect to the fitness of either parent to have custody or make any finding in respect to the best interests of the minor children in determining custody. Both are required when awarding custody.[3]

The only finding made by the trial court regarding the fitness of the parents is "(t)hat neither of the parties is an exemplary person to have the care, custody and control of the child of the parties, but the plaintiff is a more fit person to have said child . . . ." The court must make ultimate findings of fact with regard to the fitness of the parent to have custody and with regard to the best interests of the child in relationship to the evidence which is presented at the trial.[4]

The alternatives of a reviewing court, when such findings are not adequately made, are to affirm the judgment if it is supported by the clear preponderance of the evidence, to reverse the judgment if it is not supported by

[3] *Lavota v. Lavota,* 70 Wis.2d 971, 236 N.W.2d 224 (1975).
[4] *Haugen v. Haugen,* 82 Wis.2d 411, 262 N.W.2d 769 (1978).

the clear preponderance of the evidence, or to remand the matter for further hearings and findings.[5] We adopt the alternative of remanding as to the child custody issue with directions as contained herein.

The defendant had a child after the commencement of this divorce proceeding and before trial. Such child was found by the trial court not to be the child of the plaintiff. This finding was based on the testimony of the parties that such child was conceived by the defendant with a man other than the plaintiff. There was a guardian *ad litem* appointed to represent both minor children, the one whose paternity was not contested and the one whose paternity was contested. Such guardian *ad litem* had initially requested a continuance for blood tests as to the paternity issue. He did not pursue such request at the time of trial and adopted the position of the parties that the child born during the pendency of the action was not the child of the plaintiff.

It has long been recognized that the interests of minor children are separate and distinct from the interests of other parties in divorce proceedings and that their interests require that they be represented. Sec. 247.045, Stats. It has been further recognized that the interests of minor children may be incompatible with one another and require separate representation.[6] The guardian *ad litem* appointed for the minor children is an advocate and legal representative to protect the interests of the minor children whom he represents and must advance the best interest of such children. In this matter, he possesses all of the obligations that any other trial counsel has.[7]

---

[5] *Haugen, supra.*

[6] *de Montigny v. de Montigny,* 70 Wis.2d 131, 140, 233 N.W.2d 463 (1975). *See:* Sec. 879.23(1), Stats.

[7] *Allen v. Allen,* 78 Wis.2d 263, 268, 254 N.W.2d 244 (1977).

In this case the guardian *ad litem* was appointed by the court to represent two minor children who were involved, one admittedly the child of the parties, and the other the child of the parties pursuant to the presumption which arises when a child is born during wedlock that said child is a child of the marriage. Secs. 891.39, 893.395, Stats. The two children have patently differing interests. It is the interest of the older to be found the child of the parties so that his support and inheritance from the parties would be firmly established. It is also his interest that he be, if at all possible, the sole heir of the parties. These interests are in conflict with the interests of the younger child where a question is raised as to the paternity of the younger. If such paternity issue is decided against paternity, the younger child would be disinherited. There being a patent conflict in the interests of the two minor children here involved, the guardian *ad litem* appointed to represent one of them could not represent both. Two guardians *ad litem* should have been appointed by the trial court.

The plaintiff-respondent relies upon *E——— v. E———*, 57 Wis.2d 436, 204 N.W.2d 503 (1973), to the effect that the finding by the trial court of nonpaternity is *res judicata*. It is true that the doctrine of *res judicata* would be applicable here and is applicable in situations where the parties to the original decree are fully and adequately represented.[8] However, here, the party whose interest is most dramatically affected is the minor child. Such minor child was represented at the divorce proceeding together with the acknowledged child

---

[8] *See: Estate of Cogan*, 267 Wis. 20, 26, 64 N.W.2d 454 (1954); *Reddington v. Beefeaters Tables, Inc.*, 72 Wis.2d 119, 125d, 243 N.W.2d 401 (1976); *Gies v. Nissen Corp.*, 57 Wis.2d 371, 378, 204 N.W.2d 519 (1973).

of the parties by a single guardian *ad litem*. That guardian *ad litem* was put into the position of representing divergent interests and did not follow through on his original requests for blood tests and discovery as to the paternity of the second child. The second child not having been represented at the time of the trial by a guardian *ad litem* without a conflict of interest, the finding of lack of paternity is not *res judicata* as to such child.

The record does not disclose that the guardian *ad litem* was advised of this appeal or does it indicate that he was served with a notice of appeal. It is the duty of the guardian *ad litem* to continue his representation beyond the trial level if an appeal is taken, and to represent the interests of his wards during such appeal.[9] He not having been notified of the appeal, we are deprived of his arguments.

The trial court not having made findings of fact as to the fitness of the respective parties to have the custody of the minor children as to the best interests of the children regarding custody, and the second child not having been represented at the time of the trial, the determinations of the trial court as to custody of William F. Riemer, Jr., and paternity of the child born to the defendant during the pendency of the action are reversed.

The matter is remanded to the trial court to conduct further hearings and make appropriate findings of fact as to the paternity of the child born to the defendant during the pendency of the action, as to the fitness of the respective parties to have the custody of any child determined by the court to be the child of the parties, as to the best interests of the children involved in the custody award, and then appropriately award custody.

[9] *Marotz v. Marotz*, 80 Wis.2d 477, 259 N.W.2d 524 (1977); Sec. 809.85.

The trial court is to appoint separate guardians *ad litem* for each of the minor children involved in this proceeding. The guardian *ad litem* representing the child born to the defendant during the pendency of the proceeding may make appropriate application to the trial court for blood tests regarding the paternity of said child. The guardian *ad litem* representing the child born prior to the commencement of the divorce proceeding may make appropriate application to the court for psychological and psychiatric evaluation of said minor child and the parents to present to the court appropriate evidence to allow the court to make a proper determination as to the fitness of the respective parties to have the care, custody and control of said minor child, and as to the best interests of said minor child regarding such care, custody and control.

The trial court shall make further appropriate findings as to the paternity of the child born during the pendency of the action, and as to the care, custody and control of all minor issue of the parties. Such court shall, if it finds that neither of the parties can afford to pay for the services of the guardians *ad litem* appointed, make appropriate order for payment of said guardians *ad litem*.

*By the Court.*—Affirmed in part, reversed in part and remanded with directions.