COURT OF APPEALS
DECISION
DATED AND FILED

June 1, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP384**

Cir. Ct. No. **2017PR1504**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE ESTATE OF JEWELL CARL TRIPLETT:

JANELL SMITH,

APPELLANT,

V.

THE ESTATE OF JEWELL CARL TRIPLETT, BY SARA EBERHARDY AS PERSONAL REPRESENTATIVE,

RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: HANNAH C. DUGAN, Judge. *Affirmed.*

Before Brash, C.J., Donald, P.J., and White, J.

¶1 BRASH, C.J. Janell Smith, *pro se*, appeals an order of the trial court imposing a judgment against her in the amount of $26,436.82. The judgment was in favor of the Estate of Jewell Carl Triplett, after an accounting of the assets of the

Estate was conducted as part of this probate matter. Smith argues that there were omissions in the accounting, and that she was not afforded an evidentiary hearing relating to the grounds for this judgment. Upon review, we affirm.

## BACKGROUND

¶2 Smith is the daughter of Triplett, who died in September 2017. Pursuant to Triplett's will, Smith was appointed the personal representative of the Estate. However, after an objection by an interested party, Smith was removed as personal representative in August 2018, and Attorney Sara Eberhardy was appointed successor personal representative of the Estate.

¶3 In November 2019, Eberhardy filed a petition for the return of assets to the Estate by Smith. This petition was filed after Smith provided Eberhardy with information relating to certain assets of the Estate from Triplett's business, which Smith was managing prior to Triplett's death due to his health problems. The assets in question were business vehicles which Smith claimed were sold for purposes of satisfying debts; however, the documentation she provided to Eberhardy did not substantiate this claim. Therefore, Eberhardy determined that the proper recourse for the Estate was to treat those assets as advanced distributions made to Smith and, as such, sought a return of their value to the Estate by way of a judgment against Smith.

¶4 A hearing on this petition was held on January 16, 2020, but Smith did not appear and thus was "functionally defaulted." As a result, a judgment in the amount of $30,893.66 was entered against Smith.

¶5 Subsequently, in April 2020, Smith filed a motion to reopen that judgment on the ground of excusable neglect, pursuant to WIS. STAT. § 806.07(1)(a)

2

(2019-20).[1] At the hearing on that motion held in July 2020, Smith explained that she had moved to Texas; that the notice for the hearing had been sent to her mother, who read it to her over the phone; that she had mistakenly believed that the hearing was adjourned until March; and that she was not represented by counsel at the time the judgment was entered.

¶6    Also in support of her argument to reopen the judgment, Smith claimed that she had bank statements for business accounts which showed deposits that corresponded to the sale of the assets; Eberhardy contended that she had no prior knowledge of those accounts. The trial court noted that the judgment against Smith had been imposed not only because she had failed to appear at the January 2020 hearing, but also because she had failed to provide information to Eberhardy to complete the probate process. Nevertheless, the trial court agreed to reopen the judgment "for the limited purpose of dealing with these accounts" that Smith claimed contained the proceeds for the sale of the assets in question. The court emphasized that the judgment was being reopened *only* for this limited purpose, and that it was not reopening the case for any other issues.

¶7    Smith provided Eberhardy with the bank statements for the business accounts along with some additional information regarding the assets in question. Based on this information, Eberhardy amended the accounting for the Estate, which resulted in a reduction of the amount owed by Smith to $26,436.82.

¶8    A hearing was held on December 10, 2020, regarding the amended accounting for the Estate; both Eberhardy and Smith, along with her counsel,

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

3

appeared at the hearing. Smith objected to the amended accounting, but the trial court accepted it and reduced the judgment against Smith from $30,893.66 to $26,436.82.[2]

¶9 A subsequent hearing was held in January 2021 to address the order from the December 2020 hearing, which had been signed prematurely by the trial court.[3] Smith reasserted her objection to the amended accounting, arguing that there was information in the business bank statements that "would explain where the funds went from the sale of the vehicles" which was not "accounted for adequately" by Eberhardy in the amended accounting.[4]

¶10 Eberhardy, on the other hand, argued that Smith had been given the opportunity to provide additional information to Eberhardy when by the trial court reopened the judgment against Smith in July 2020. This had resulted in the amended accounting by Eberhardy which reduced the judgment against Smith, and the court accepted this amended accounting at the December 2020 hearing.

¶11 Eberhardy further asserted that Smith had already had abundant opportunities to object to the accounting. In fact, Eberhardy pointed out that Smith had not objected to the initial accounting until the judgment was imposed against

---

[2] This case was initially before the Honorable Marshall B. Murray; he entered the default judgment against Smith in January 2020, and ordered the judgment reopened in July 2020. Due to judicial rotation, this matter was subsequently assigned to the Honorable Hannah C. Dugan, who issued the final order accepting the amended accounting.

[3] The order had been submitted to the trial court under the five-day rule, which allows parties to object to the order within five days of filing. The trial court mistakenly executed the order the day after it was filed.

[4] Smith's counsel made this argument on her behalf at this hearing; however, he had also filed a stipulation to withdraw as her counsel. Counsel explained that he and Smith had a discussion after the December 2020 hearing and agreed that "it would be best" to terminate his representation of her. He noted at the January 2021 hearing that Smith was still requesting an additional opportunity to present evidence relating to her objection.

her in January 2020. She further emphasized that it was Smith's failure to timely provide information to Eberhardy when she was appointed personal representative that had caused the delay in finalizing the probate proceedings for this matter, as noted by the trial court when it reopened the default judgment.

¶12 The trial court confirmed with Eberhardy and counsel for Smith that there was no new information since the December hearing. The court thus determined that the amended accounting as approved at the December hearing was accurate. Therefore, the court signed a new order which vacated the erroneously signed order from the December 2020 hearing, accepted the amended accounting that had previously been accepted at the December 2020 hearing, and denied Smith's objections regarding the amended accounting. Additionally, the reduction in the judgment against Smith, from $30,893.66 to $26,436.82, was noted. This appeal follows.

## DISCUSSION

¶13 On appeal, Smith renews her objection to the amended accounting and the judgment against her, along with raising a number of other issues regarding the probate proceeding in this case. However, we note that when the trial court reopened the default judgment against Smith pursuant to WIS. STAT. § 806.07(1), the only issue that was to be addressed was whether the new account information provided by Smith affected the accounting relating to the sale of the business assets. A trial court's decision to grant or deny relief under § 806.07(1) is discretionary, *see McFarland State Bank v. Sherry*, 2012 WI App 4, ¶20, 338 Wis. 2d 462, 809 N.W.2d 58, and this court will disturb such a decision only if the trial court "applie[d] the wrong legal standard or if the facts of record fail to support the [trial] court's decision, *see Werner v. Hendree*, 2011 WI 10, ¶59, 331 Wis. 2d 511, 795

5

N.W.2d 423. We conclude that the trial court correctly applied the law in making its decision to reopen the judgment against Smith on a limited basis, and the record before us supports that decision, particularly as it relates to the timeliness of Smith's objections and her delays in providing information to Eberhardy. Thus, the amended accounting is the only issue before this court, as it is the basis of the final order from which Smith appeals. *See* WIS. STAT. § 808.04(1).

¶14 That said, the transcripts of the hearings where the accounting for the Estate was primarily discussed and determined—the January 16, 2020 hearing where the trial court entered the default judgment against Smith as a result of the original accounting, and the December 10, 2020 hearing where the amended accounting was accepted by the trial court—are not included in the record before us. "An appellate court's review is confined to those parts of the record made available to it." *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶15 In particular, without the transcript from the December 2020 hearing, we are unable to fully assess Smith's claim that she was not afforded the opportunity to present evidence regarding her objection to the amended accounting before it was accepted by the trial court. "It is the appellant's responsibility to provide a complete record as to all issues [he or she] raises on appeal." *Joseph Hirschberg Revocable Living Tr. v. City of Milwaukee*, 2014 WI App 91, ¶12 n. 5, 356 Wis. 2d 730, 855 N.W.2d 699. Simply put, Smith's failure to provide that transcript means that she is unable to substantiate her claim, because we cannot review the full extent of those proceedings.

¶16 Indeed, "[i]n the absence of a complete record, we presume the missing record supports the [trial] court's decision." *Id.* In other words, we

presume that there were proper grounds upon which the trial court based its acceptance of the amended accounting at the December 2020 hearing. *See id.* This presumption is bolstered by the trial court's subsequent denial of any further objections by Smith at the January 2021 hearing.

¶17 In fact, Smith's claim begs the question of why she did not previously provide the evidence she now wants the opportunity to present. Smith was tasked with providing all relevant Estate information to Eberhardy when Eberhardy was appointed the successor personal representative of the Estate in August 2018. Then, after the default judgment was entered against Smith in January 2020, the trial court reopened that judgment—upon Smith's motion—for the specific purpose of allowing her to provide additional information she represented she had regarding the business accounts, which she asserted could affect the judgment against her. The record indicates that Smith provided additional information to Eberhardy that was then reviewed by Eberhardy and the trial court, and resulted in a reduction to the judgment.

¶18 Furthermore, Smith and her counsel were present at the December 2020 hearing when this amended judgment was addressed and approved. That hearing was the proper forum to discuss or argue any further issues relating to that amended judgment. However, we are unable to ascertain whether any such discussion occurred because Smith did not provide that transcript in the record before us, which it was incumbent upon her to do in order to support her claim. *See id.*

¶19 Therefore, we affirm the order imposing the judgment against Smith in the amount of $26,436.82.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.

No. 2021AP384(D)

¶20 WHITE, J. (*dissenting*). When I examine the record before this court, I conclude that the circuit court's actions were inadequate to satisfy the demands of due process. Smith has requested her opportunity to be heard on her evidence related to the accounting of the Estate. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). Smith has been denied that opportunity. "Due process is a requirement of notice and hearing, that is, the opportunity to be heard before a deciding tribunal. It is a concept of fundamental fairness." *Riemer v. Riemer*, 85 Wis. 2d 375, 377, 270 N.W.2d 93 (Ct. App. 1978). Therefore, I respectfully dissent.

¶21 Here, I accept the Majority's recitation of the factual record, although I draw different conclusions from those facts. Attorney Eberhardy's position was that Smith "had more than enough opportunities to submit this information" to Eberhardy to support a reduction in judgment. However, as Smith's counsel stated, "because [Smith] missed that first hearing, she hasn't had an opportunity to really have an evidentiary hearing and present her side to the Court." "A fundamental guarantee of due process of law is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Brown Cnty., v. Shannon R.*, 2005 WI 160, ¶64, 286 Wis. 2d 278, 706 N.W.2d 269 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)) (footnote omitted).

¶22 At the final hearing in January 2021, the circuit court faced three issues: the prematurely signed order from the December 2020 hearing—which was discarded; counsel's motion to withdraw—which was eventually granted; and

Smith's objections to the prematurely signed order—which were denied.[1] Smith's counsel represented to the circuit court that Smith "would still like her opportunity to present [her] evidence to the [c]ourt. She just—I think she maybe thinks she could do a better job than I can. And maybe she's correct." On appeal, Smith persists in her belief that if given the opportunity to explain the accounting to the circuit court, the judgment would not be the same.

¶23    "Due process requires notice and the opportunity to be heard." *Estate of Derzon*, 2018 WI App 10, ¶42, 380 Wis. 2d 108, 908 N.W.2d 471. I believe that Smith was denied due process as promised by the United States and Wisconsin Constitution.[2] Smith was asking for a chance to present her evidence to the court overseeing the probate estate and asking the court to determine the outcome. The trial court reopened the judgment to give her the opportunity to be heard. However, she was denied that chance, therefore, I respectfully dissent.

---

[1] Despite the pending motion to withdraw, Smith's counsel represented Smith throughout the hearing. Smith was not given an opportunity to speak. The motion to withdraw was granted at the end of the hearing, after the court decided to "sign that order, [it would] sign the order allowing [counsel] to withdraw." I do not cast aspersions on Smith's counsel; however, having acknowledged that Smith had her own ideas about presenting this issue, his continued representation throughout the hearing cast a spotlight on Smith's denied opportunity to be heard.

[2] The Majority correctly faults Smith for failing to provide a complete record to aid this court's review. Majority, ¶¶14-15. However, Smith's actions support that she had not been heard: she immediately objected to the resulting order, she stipulated to have her counsel withdraw, and she renewed her complaints that she was not given the opportunity to present evidence. Even with a presumption that the circuit court's unspoken findings support the outcome, I cannot reasonably infer that the court had reason to deny Smith due process. "The opportunity to be heard includes the right to 'present a complete defense.'" *Brown Cnty., v. Shannon R.*, 2005 WI 160, ¶65, 286 Wis. 2d 278, 706 N.W.2d 269 (citation omitted).